# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER LUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-cv-1008-JBM |
| | ) |
| UNITED STATES et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, filed suit pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff alleges medical negligence, intentional infliction of emotional distress ("IIED"), deliberate indifference to a serious medical need, and a due process violation arising from the Federal Correctional Institution in Pekin, Illinois (FCI-Pekin). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has named the United States, the Federal Bureau of Prisons ("BOP"), FCI-Pekin Clinical Director Dr. Scott Moats, Dr. Jefferey Lee Ho and BOP Regional Counsel, Richard

---

[1] Federal Tort Claims Act 28 U.S.C. § 1346 et. seq.

Schott. His allegations are directed against Defendants in both their official and individual capacities.

## MATERIAL FACTS

Plaintiff is a diabetic who allegedly developed blisters on his left heel on an unspecified date. In August 2013, he requested a soft shoe permit from Drs. Moats and Lee Ho and was refused. In May 2015, Plaintiff was treated for an ulcer to the left big toe which he claims is the result of his having to wear boots rather than the soft shoes he had requested. Plaintiff alleges that he was placed on antibiotics to treat the ulcer and, while the ulcer began to heal, he developed an unspecified "allergic reaction" to the antibiotics. Plaintiff claims that the ulcer never completely closed and in June and July 2015, Defendants placed him on the same antibiotic to which he is allergic.

On an unspecified date, Plaintiff was transferred to a hospital where he underwent an amputation of the big toe, not identifying whether the left or the right. Plaintiff claims that the doctors at the hospital confirmed that he was allergic to the antibiotic given him at FCI-Pekin. Plaintiff does not claim that he he suffered any ill effects due to the antibiotic. His claim is that, had he been provided soft shoes in 2013, he would not have had had his big toe amputated. In January and February 2016, Plaintiff developed an ulcer on the tip of his second toe. The Defendant physicians allegedly treated him with the same objectionable antibiotic before eventually changing it to the "right" medication. Plaintiff alleges that he subsequently underwent amputation of this toe as well. Plaintiff subsequently developed an infection requiring hospitalization and IV treatment.

Plaintiff filed a federal claim for restitution with the North Central Regional Office of the BOP. His claim for compensation was denied by Regional Counsel, Richard Schott. Plaintiff

believes that Defendant Schott is covering up for the medical staff and has violated his Fourteenth Amendment rights to due process.

Defendants' Amenability to Suit in their Official and Personal Capacities

Plaintiff names Defendants Moats and Lee Ho in both their official and individual capacities. A *Bivens* claim, however, may only be brought against a federal employee in his individual capacity. *See Yeadon v. Lappin,* 423 F. App'x 627, 629 (unpublished) (7th Cir. 2011) (no *Bivens* action against federal employees in their official capacities). This is because an action for damages against an individual in his official capacity is an action against the government and barred under the Eleventh Amendment. *Hadi v. Horn*, 830 F.2d 779, 783 (7th Cir. 1987). The official capacity claims against Defendant Lee Ho is DISMISSED with prejudice. The official capacity claim for money damages against Defendant Moats is DISMISSED with prejudice, though as explained below, he remains potentially liable for Plaintiff's request for injunctive relief.

Here, Plaintiff requests declaratory and injunctive relief, as well as money damages against all Defendants. While Plaintiff may seek money damages in his FTCA claim against the United States, he may not assert a claim for injunctive relief. 28 U.S.C. § 1346(b) (suit must be against United States itself for money damages). The only relief available to Plaintiff in his FTCA medical negligence and IIED claims against the United States is one for money damages. Plaintiff may proceed in his request for injunctive relief against Defendant Moats, the FCI-Pekin Clinical Director. This because, the proper parties in a claim for injunctive relief include the supervisory government officials who would be responsible for ensuring injunctive relief is carried out. *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011). Here, Defendant Moats, would be in a position to provide injunctive relief while Defendant Lee Ho would not. This claim

3

shall proceed against Defendant Moats in his official capacity. *Grayson v. Goetting*, No. 15-CV-00198-NJR, 2015 WL 887800, at *4 (S.D. Ill. Feb. 27, 2015).

The Court notes that Plaintiff's claims against Defendants Moats and Lee Ho arise from the same conduct which supports his FTCA claim. A Plaintiff may maintain both an FTCA claim and a *Bivens* claim in the same action. *Thomas v. Szoke*, No. No. 10-838, 2011 WL 1517948, at *4 (S.D. Ill. Apr. 19, 2011). Plaintiff is advised, however, that he may not recover under both. *See* 28 U . S.C. § 2679(b)(1); *Arevalo v. Woods,* 811 F.2d 487, 490 (9th Cir. 1987) (no double recovery in FTCA and *Bivens* claims).

Defendant the United States of America

Plaintiff's claim against the United States is brought under the FTCA which codifies the government's voluntarily waiver of sovereign immunity in certain cases. Under the FTCA, a plaintiff may assert delineated tort claims against the United States where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *Smith v. United States*, 15-CV-33, 2016 WL 3165533, at *8 (S.D. Ill. June 7, 2016), *aff'd,* 16-3117, 2017 WL 391872 (7th Cir. Jan. 27, 2017). Plaintiff's FTCA claim alleges that the United States is liable for the medical negligence and IIED allegedly caused by Defendants Moats and Lee Ho. Plaintiff's medical negligence and IIED claims are governed by Illinois state law, the state where the alleged torts occurred. 28 U.S.C. § 1346(b)(1)28 U.S.C. § 1346(b)(1); *Kaniff v. United States*, 351 F.3d 780, 790 (7th Cir. 2003).

To prove IIED under Illinois law, plaintiff must establish that: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused

4

severe emotional distress." *Swearnigen–El v. Cook Cty. Sheriff's Dept.,* 602 F.3d 852, 864 (7th Cir. 2010) (internal citation omitted).  The allegation against Moats and Lee Ho is that they denied his request for a soft shoe permit in 2013; and treated the ulcer that developed with the same antibiotic to which he was allergic.  The allegations relating to Defendants' failure to provide him with a soft shoe are insufficient to make out a plausible IIED claim and merit dismissal.  Plaintiff's claim, however, that he continued to be given antibiotic medication to which he had a recognized antibiotic allergy states a plausible IIED claim and will proceed.

Plaintiff's FTCA claim for medical negligence claim against the United States is governed by the Illinois Healing Arts Malpractice Act ("Act").  *See Gipson v. U.S.*, 631 F.3d 448, 450-51 (7th Cir. 2011) (applying state medical malpractice law), quoting 28 U.S.C. § 1346(b)(1).  The Act requires that a medical negligence claim contain an affidavit and written report of a health professional, known as a "certificate of merit," asserting that there is a "reasonable and meritorious cause for the filing".  735 ILCS 5/2-622(a). *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  Failure to file an affidavit pursuant to § 2-622 is cause for dismissal under 735 ILCS 5/2-619.  *Chapman v. Chandra*, No. 06-0651, 2007 WL 1655799, at *2 (S.D. Ill. June 5, 2007); *Winfrey v. Walsh*, 2008 WL 1766600, at *3 (C.D. Ill. April 14, 2008).

Here, Plaintiff has not provided a certificate of merit with his complaint.  However, "[t]he Appellate Court of Illinois has held expressly that when a plaintiff raises a claim that implicates section 2–622 but fails to include an affidavit and report, the plaintiff should have the opportunity to **amend** her complaint before it is dismissed with prejudice… a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with § 2–622 before her action is dismissed with prejudice.")  *Hahn v. Walsh*, 762 F.3d 617, 633-34 (7th Cir. 2014) quoting *Cammon v. West Suburban Hosp. Med.*

5

*Ctr,* 301 Ill.App.3d 939, 235 Ill.Dec. 158, 704 N.E.2d 731, 738 (Ill.App.Ct.1998) (emphasis in original).

Accordingly, the FTCA medical negligence claim against the United States is DISMISSED with leave to replead. Plaintiff will be given 90 days in which to obtain and file a certificate of merit as required by 735 ILCS 5/2-622(a). If the Plaintiff obtains the certificate, he is to file an amended complaint attaching a copy.

Defendants Moats and Lee Ho

Plaintiff attempts to assert a *Bivens* action against Defendants Moats and Lee Ho for medical malpractice and IIED. *Bivens* provides a private cause of action for violations of constitutional law, not state torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Plaintiff's medical negligence and IIED claims against Defendants Moats and Lee Ho do not assert constitutional violations which may be brought under *Bivens,* and are DISMISSED.

Plaintiff also alleges Eighth Amendment deliberate indifference claims against Moats and Lee Ho under *Bivens*. A *Bivens* claim is an action against a federal employee in his or her individual capacity, and may not be brought against the federal government or its agencies. It is the federal equivalent of an § 1983 action, and the same legal principles apply. To state an actionable *Bivens* claim, a plaintiff must allege that an individual acting under color of state law deprived him of a federal right. *Moorer-Bey v. Fed. Bureau of Prisons*, No. 12-212, 2012 WL 1409500, at *2 (S.D. Ill. Apr. 22, 2012) (internal citations omitted).

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th

6

Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. Deliberate indifference may be shown where prison officials delay the treatment of an objectively serious medical need. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (internal citations omitted). Plaintiff has alleged sufficient facts to make out a plausible claim that Defendants were deliberately in different in treating his 2016 toe ulcer with an antibiotic to which they knew Plaintiff was allergic.

### Defendant Schott

Plaintiff alleges that Defendant Shot, violated his Fourteenth Amendment due process rights by denying his claim for compensation. *See Moorer-Bey* at *2 (defendants' alleged denial of complaint did not establish that they personally participated in the infringement). "Assuming that any of these Defendants were involved in a denial of a grievance or other administrative complaint by [plaintiff], this nonetheless does not establish the personal involvement of these Defendants in any wrongdoing against [plaintiff]. 'Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Id*. at *2, citing *George v. Smith,* 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted). Here, Plaintiff fails to allege Defendant Schott's personal participation in the infringement and Defendant Schott is DISMISSED.

### Bureau of Prisons

Plaintiff asserts an unspecified claim against the BOP. As previously noted, the United States is the only proper party to an FTCA claim. Plaintiff's claim against the BOP, to the extent that it is construed under the FTCA, is DISMISSED. Similarly, if Plaintiff's claim against the BOP is construed under *Bivens*, it is denied as individuals, not governmental agencies, are the

7

only proper parties in a *Bivens* claim. *See Moorer-Bey* at *2 (dismissing BOP as not amenable to suit under *Bivens*). The BOP is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's FTCA claim against the United States for intentional infliction of emotional distress will go forward. Plaintiff's medical negligence claim against the United States is dismissed with leave to replead. If Plaintiff wishes to proceed on this claim he must file a certificate of merit as required by 735 ILCS 5/2-622(a), and an amended complaint within 90 days. The amended complaint must contain all of his claims against all Defendants without reference to a prior pleading. Piecemeal complaints are not accepted.

2) Plaintiff's claim for injunctive relief against the Defendant United States is DISMISSED with prejudice.

3) Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Moats and Lee Ho, in their individual capacities, will proceed. The Bivens medical negligence and IIED claims asserted against them are DISMISSED.

4) Plaintiff's official capacity claim against Defendant Lee Ho is DISMISSED with prejudice.

5) Plaintiff's official capacity claim against Defendant Moats seeking money damages is DISMISSED. Plaintiff's request for injunctive relief will proceed as to Defendant Moats in his official capacity.

6) This case will proceed on Plaintiff's IIED claim for money damages against the United States, his Eighth Amendment claim for money damages against Defendants Moats and Lee Ho, and his claim for injunctive relief against Defendant Moats, only. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a

party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. The Bureau of Prisons and Defendant Schott are DISMISSED with prejudice. The Clerk is to terminate them as parties.

7) The Clerk is directed to send Defendant Moats and Lee Ho: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order, pursuant to this District's internal procedures.

8) The Clerk is directed to send : 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order, to the U.S. Attorney General and the local office of the Assistant U.S. Attorney, on behalf of the Defendant United States.

9) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

11) Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

12) Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

13) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

14) Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 90 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

6/14/2017
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE